# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**ANTONIO B. FLEMMING, et al.,**

    **Plaintiffs,**

    v.                                      **CASE NO. 22-3066-SAC**

**CHARLES A. DAYOUB, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

The Court finds that this matter is subject to dismissal for the reasons explained below. The Court further denies the plaintiffs' Motion for Leave to Proceed in forma pauperis (Doc. 2) and Motion to Appoint Counsel (Doc. 3).

## I. Nature of the Matter before the Court

The plaintiffs are 37 federal pretrial detainees confined at the United States Penitentiary at Leavenworth ("USP-L") in Leavenworth, Kansas. The plaintiffs proceed *pro se*.

Plaintiffs allege that since their transfer to USP-L, the defendants have "monopolized off of pretrial court proceedings, denied [the plaintiffs'] equal protection of rights, denied access to the law library and the discovery files, denied attorney and client privileges, deprived [us] of our U.S. constitutional rights, denied the use of mail to contact attorney, family friend, news and media, and deprived [us] of our granted U.S. Constitution rights." Complaint, Doc. 1, at 3.

Plaintiffs name the following defendants: Charles Dayoub, with the Federal Bureau of Investigation; the U.S. Marshals Service; FNU Rogers, Warden of CoreCivic; Laura Kelly, Governor of Kansas; the U.S. Department of Justice; and D. Hudson, Warden of USP-L. Plaintiffs

seek $100 million, a letter of apology from the President of the United States, and "for each pretrial detainee reverse of charges because of monopolization." *Id*. at 7.

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action." *Twombly*, 550 U.S. at 555 (citations omitted).  The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face."  *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."  *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals.  *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).  As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief."  *Kay*, 500 F.3d at 1218 (citation omitted).  Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'"  *Smith*, 561 F.3d at 1098 (citation omitted).  "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible."  *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. DISCUSSION

The Prison Litigation Reform Act requires that prisoners seeking relief in a non-habeas civil action in federal court must pay the full district court filing fee, albeit over time if the prisoner qualifies for in forma pauperis status. 28 U.S.C. § 1915(b)(1). This Court has previously decided that prisoner plaintiffs may not undermine this statutory obligation by joining in the filing of a single action and that each prisoner plaintiff must file a separate action and pay the full district court filing fee. *See Holder v. Kansas*, No. 07-3059-SAC, 2008 WL 199821, at *1 (D. Kan. Jan. 23, 2008) (citing *see e.g., Hubbard v. Haley,* 262 F.3d 1194 (11th Cir. 2001) (each prisoner must proceed in a separate action and be responsible for payment of the full district court filing fee) and *Pinson v. Whetsel,* No. CIV-06-1372-F, 2007 WL 428191(W.D. Okl. Feb. 1, 2007) (discussing difficulties if joinder of prisoner plaintiffs permitted)).

Further, the case cannot proceed as a class action with Plaintiff Flemming, or any *pro se* plaintiff, as class representative. "A court may not certify a class unless it determines 'the representative parties will fairly and adequately protect the interests of the class." *Lewis v. Clark*, 577 F. App'x 786, 793 (10th Cir. 2014) (citing Fed. R. Civ. P. 23(a)(4)). "When the court reviews the quality of the representation under Rule 23(a)(4), it will inquire not only into the character and quality of the named representative party, but also it will consider the quality and experience of the attorneys for the class." *Id*. (citation omitted). The Tenth Circuit in *Fymbo v. State Farm Fire and Casualty Co.*, 213 F.3d 1320 (10th Cir. 2000), concluded that a "litigant may bring his own claims to federal court without counsel, but not the claims of others" because "the competence of a layman is 'clearly too limited to allow him to risk the rights of others.'" *Id*. at 1321(citation omitted). Thus, a *pro se* plaintiff cannot adequately represent a class.

4

Accordingly, this case may not proceed as filed and is dismissed without prejudice. Each plaintiff must file a separate complaint accompanied by the full filing fee or a motion for leave to proceed in forma pauperis with the required supporting financial information. The Court will then address in each case the individual plaintiff's payment obligations under § 1915(b) and will conduct an initial review of each complaint under §§ 1915(e)(2), 1915A.

The Court cautions the potential plaintiffs that there are additional problems with the Complaint as filed. First, the allegations are confusing. It is unclear what is meant by "conspiring to monopolize off pretrial court proceedings and illegally convict" the plaintiffs. Each plaintiff needs to include factual allegations specific to his individual situation explaining how his constitutional rights were violated. Moreover, those allegations need to outline how each named defendant personally participated in the alleged constitutional violations. Further, some of the defendants are not appropriate defendants to a *Bivens* action. Finally, each plaintiff must have fully exhausted his administrative remedies.

Also before the Court is a joint motion for leave to proceed in forma pauperis (Doc. 2). The motion is denied. The first named plaintiff, Antonio Flemming, is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g). Court records fully establish that Plaintiff "has, on 3 or more prior occasions, while incarcerated . . . , brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."[1] Accordingly, he may proceed in forma pauperis only if he establishes a threat of imminent danger of serious physical injury. *Id*. The Court has

---

[1] Prior to filing the instant complaint on April 7, 2022, the Court finds at least three prior civil actions filed by Plaintiff that qualify as "strikes" under § 1915(g). *See Flemming v. Baker*, Case No. 20-3097-SAC (dismissed for failure to state a claim on August 28, 2020) (Doc. 11) (D. Kan.); *Flemming v. Core Civic*, Case No. 20-3321-SAC (dismissed for failure to state a claim on March 4, 2021) (Doc. 8) (D. Kan.); *Flemming v. Core Civic*, Case No. 21-3087-SAC (dismissed for failure to state a claim on March 23, 2021) (Doc. 6) (D. Kan.).

examined the Complaint and finds no showing of imminent danger of serious physical injury. Accordingly, pursuant to § 1915(g), Plaintiff may not proceed in forma pauperis in this civil action.

As for the remaining plaintiffs, the Court reiterates that each plaintiff needs to file an individual motion with his individual complaint.

The plaintiffs have also filed a motion to appoint counsel (Doc. 3). There is no constitutional right to the appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies within the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006), quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223, quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). In deciding whether to appoint counsel, the district court should consider "the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Rucks*, 57 F.3d at 979; *Hill*, 393 F.3d at 1115.

Considering these factors, the Court denies the motion. As explained above, the case may not proceed as filed. Each plaintiff who chooses to file an individual complaint may also file a motion for appointment of counsel, which the Court will consider.

**IT IS THEREFORE BY THE COURT ORDERED** that this matter is **dismissed without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Leave to Proceed in forma pauperis (Doc. 2) and Motion to Appoint Counsel (Doc. 3) are **denied**.

**IT IS SO ORDERED**.

**Dated April 14, 2022, in Topeka, Kansas.**

                                      **S/ Sam A. Crow**
                                      **Sam A. Crow**
                                      **U.S. Senior District Judge**